UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
OSCAR MENDEZ, individually and on behalf
of all other persons similarly situated,

                               Plaintiffs                Index No. 12-CV-3202(JFB)(ATK)

            -against-

LOUIE'S SEAFOOD RESTAURANT, LLC, and/or      **ANSWER WITH**
any other entities affiliated with, controlling, or      **AFFIRMATIVE**
controlled by LOUIE'S SEAFOOD RESTAURANT,      **DEFENSES**
LLC, and/or MARTIN PICONE and MICHAEL
GUINNANE

                             Defendants
----------------------------------------------------------------x

     Defendants, by their attorney LAURA M. DILIMETIN, of counsel to LAWRENCE

AND WALSH, P.C., answering the complaint, as follows:

## PRELIMINARY STATEMENT

1.     Deny the allegations contained in paragraphs "1", "2", and "3".

2.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "4" of the complaint.

## JURISDICTION

3.     Deny the allegations contained in paragraph "5" of the complaint, and respectfully

refer all questions of law to this Court.

## VENUE

4.     Deny the allegations contained in paragraph "6" of the complaint, and respectfully

refer all questions of law to this Court.

## THE PARTIES

5.     Deny knowledge and information sufficient to form a belief as to the allegations

in paragraphs "7" of the complaint, and respectfully refer all questions of law to this Court.

6. Deny the allegations in paragraphs "9", and "10" of the complaint except the individuals are each part owners of Louies.

7. Deny the allegations contained in paragraph "11" of the complaint.

## CLASS ALLEGATIONS

8. Deny the allegations contained in paragraphs "12", "14", "15", and "16" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "13", "17", "18", and "19" of the complaint.

## FACTS

10. Deny the allegations in paragraphs "21", "22", "23", and "24", of the complaint, and respectfully refer all questions of law to this Court.

11. Deny the allegations contained in paragraphs "25", "26", "27", "28", "29", "30", "31", "32", and "33", "34", "35", "36", "37", "38", "39" of the complaint.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA OVERTIME COMPENSATION

12. Deny the allegations contained in paragraphs "40", "41", "42", "43", "44", "45", "46", and "47" of the complaint, and respectfully refer all questions of law to this Court.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK OVERTIME COMPENSATION LAW

13. Deny the allegations contained in paragraphs "48", "49","51", "52", "53", "54", "55", "56", and "57" of the complaint, and respectfully refer all questions of law to this Court.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of the complaint.

2

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## SPREAD OF HOURS

15.     Deny the allegations contained in paragraphs "58", "59", "60", "61", "62", and "63" of the complaint, and respectfully refer all questions of law to this Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.     Defendants had less than $500,000.00 in annual gross volume of sales made or business done during the relevant time period. Thus, Plaintiffs do not come under the coverage of the FLSA.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.     Defendants were not engaged in commerce or the production of goods for commerce during the relevant time period. Thus, plaintiffs do not come under the coverage of the FLSA.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.     Defendant LOUIE'S SEAFOOD RESTAURANT, LLC was not plaintiffs' employer as that term is defined in the FLSA and the applicable New York State law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.     Defendant MARTIN PICONE was not Plaintiffs' employer as that term is defined in the FLSA and the applicable New York State law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20.     Defendant MICHAEL GUINNANE was not Plaintiffs' employer as that term is defined in the FLSA and the applicable New York State law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21.     The Complaint should be dismissed, in whole or in part, to the extent that it fails to state a claim upon which relief may be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22.    To the extent that plaintiffs engaged in acts of misconduct either prior to or during their employment with Defendants which, if known to Defendants, would have resulted in the denial of employment to, or the termination of, the plaintiff, any relief awarded to plaintiffs should be reduced, in whole or in part, because of plaintiffs having engaged in such misconduct.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

23.    At all times relevant to plaintiffs' claims, Defendants acted in good faith and had reasonable grounds to believe that their actions were not violative of any federal, state or local laws, rules regulations or guidelines.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24.    Plaintiffs were exempt from the wage and overtime provisions of the Fair Labor Standards Act of 1938 as well as all such provisions of New York State Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25.    Plaintiffs were paid all monies to which they were legally entitled.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

26.    The Court has no jurisdiction over Plaintiffs' state law claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27.    Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28.    In the event it is determined that there is any liability on the part of the Defendant to any of the plaintiffs, which has been denied, any damages to which said plaintiff might

otherwise be entitled must be diminished by that amount shown to have been incurred as a result of that plaintiffs' failure to mitigate their damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims are barred, in whole or in part, on grounds that some or all of the damages alleged by plaintiffs were caused or brought about by reason of plaintiffs' own acts, actions, failures to act, failure to exercise ordinary and/or reasonable care, and/or negligence.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of laches, waiver, estoppel, unclean hands, avoidable consequences, after-acquired evidence and/or other principles of equity.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

31.     Plaintiffs' losses are barred, in whole or in part, because the losses, if any, purportedly suffered by plaintiffs were caused, if at all, by factors unrelated to any conduct or lack thereof on the part of these Answering Defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

32.     Plaintiffs' Complaint fails to establish a basis for punitive damages.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

33.     Plaintiffs are not entitled to recover punitive damages as prayed for in the Complaint on the grounds that any award of punitive damages would violate the constitutional rights of defendant, including but not limited to defendants' rights under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims are barred, in whole or in part, to the extent that plaintiffs have failed to exhaust their administrative remedies.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

35.    Since the complaint in this action to recover damages for unpaid overtime wages also includes a claim for "liquidated damages" under New York Labor Law § 198, which claim constitutes a "penalty", class action relief is prohibited.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

36.    The complaint fails to adequately plead all of the essential prerequisites for class action certification.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

37.    In the alternative, the potential claim for unspecified unpaid overtime wages by Plaintiff is at best *de minimus* given the brief period of her employment with Defendant.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

38.    To the extent plaintiffs assert that they are in a position to fairly and adequately represent all potential members of this class action in their status as "former employees" of Defendant, there is an irreconcilable conflict of interest.

39.    By reason of the foregoing, these plaintiffs are not proper representatives of the putative class members, who can fairly and adequately represent and protect the class interests.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

40.    Any individual claims by the former employees of defendant for unpaid overtime wages are not generic but highly fact-sensitive.

41.     Furthermore, the primary requisite for a class action that it is superior to all other available methods of the fair and efficient adjudication of the is controversy, is not present here.

42.     Indeed, the plaintiff and other similarly situated individuals who allege a claim of unpaid overtime wages may obtain all the relief requested in this action through the administrative procedures provided under New York's Labor Law and Minimum Wage Act.

43.     By reason of the foregoing, class action relief is inferior to the administrative remedies provided under New York's Labor Law and Minimum Wage Act.

Defendants reserve the right to supplement these defenses based upon information obtained during discovery.

**WHEREFORE**, Defendants request that the Court:

a)   Dismiss, with prejudice, Plaintiffs' Complaint in its entirety;

b)   Deny each and every demand, claim and prayer for relief contained in the Plaintiffs' Complaint;

c)   Award to Defendant reimbursement for the cost of defending this meritless including attorneys' fees;

d)   Grant such other and further relief as the Court deems just and proper.

Dated: Hempstead, New York
        October 12, 2012

Respectfully submitted,
LAWRENCE AND WALSH, P.C.
Attorneys for Plaintiff

Laura M. Dilimetin (LD4718)
215 Hilton Avenue
Hempstead, NY 11551
Ph: 516.538.2400
Fax: 516.538.2079

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OSCAR MENDEZ, individually and on behalf
of all other persons similarly situated,

                                        Plaintiffs          Index No. 12-CV-3202(JFB)(ATK)

                -against-                                    **VERIFICATION**

LOUIE'S SEAFOOD RESTAURANT, LLC, and/or
any other entities affiliated with, controlling, or
controlled by LOUIE'S SEAFOOD RESTAURANT,
LLC, and/or MARTIN PICONE and MICHAEL
GUINNANE
                                        Defendants
------------------------------------------------------------------X

          Michael Guinnane swears under the penalty of perjury that the following is true accurate and

correct:

          I have read the foregoing ANSWER, and know the contents thereof; the same is true to my

knowledge, except as to the matters therein stated to be alleged on information and belief; and that

as to these matters I believe it to be true.

          The undersigned swears that the foregoing statements are true under the penalties of perjury.


Dated: Hempstead, New York
          October 12, 2012                            Respectfully submitted,


                                                      _____
                                                      MICHAEL GUINNANE


SWORN TO BEFORE ME
THIS 12th DAY OF OCTOBER, 2012

_____
NOTARY PUBLIC


LAURA M. DILIMETIN
Notary Public State of New York
No. 02DI4981367
Qualified in New York County
Commission Expires May 13, 2015