```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OSCAR MENDEZ, individually and on
behalf of all other persons similarly
situated,

                    Plaintiff,
                                              ORDER
          -against-                           12-CV-3202(JS)(AKT)

LOUIE'S SEAFOOD RESTAURANT, LLC and/or
any other entities affiliated with,
controlling, or controlled by LOUIE'S
SEAFOOD RESTAURANT, LLC, and/or
MARTIN PICONE and MICHAEL GUINNANE,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jeffrey Kevin Brown, Esq.
                    Daniel Harris Markowitz, Esq.
                    Jessica Lorraine Parada, Esq.
                    Michael Alexander Tompkins, Esq.
                    Leeds Brown Law, P.C.
                    1 Old Country Road, Suite 347
                    Carles Place, NY 11514

For Defendants:     Laura M. Dilimetin, Esq.
                    Dilimeten & Dilimeten
                    47 Plandome Road
                    Manhasset, NY 11030
```

SEYBERT, District Judge:

Presently before the Court is a "Confidential Settlement Agreement & General Release" (the "Agreement") submitted by the parties for judicial approval. (Docket Entry 20.) "Stipulated settlements in a [Fair Labor Standards Act ('FLSA')] case must be approved by the Court in the absence of the direct supervision of the Secretary of Labor." Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL

2545439, at *3 (E.D.N.Y. May 17, 2010) (report and recommendation), adopted by 2010 WL 2545472 (E.D.N.Y. June 18, 2010); see also Wolinsky v. Scholastic Inc., --- F. Supp. 2d ---, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012) ("[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement."). In determining whether to approve a settlement of FLSA claims, the court must scrutinize the agreement to determine whether it is fair and reasonable. Wolinsky, 2012 WL 2700381, at *1 (collecting cases). The Court has reviewed the Agreement, and there are three issues that the Court must address.

First, in discussing and referencing this lawsuit, the Agreement repeatedly refers to case number 12-CV-3203. (See Agreement at Whereas Clause 3 & § 3.) However, this is case number 12-CV-320**2**.

Second, the Agreement includes a confidentiality provision. The Court previously advised the parties that they must "make a substantial showing of need for the terms of their settlement to contain a confidentiality provision." (Order, Docket Entry 18, at 3 (quoting Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). The parties argue that, because the Agreement has been

2

filed on the public docket, "the goal of the statute has been accomplished." (Joint Ltr., Docket Entry 19, at 1.) They continue:

> As written this confidentiality agreement does not permit Plaintiff Mendez to speak about the settlement or encourage others to come forward. Therefore, the confidentiality clause here is more about disclosure and solicitation, not about public scrutiny. Meanwhile, the statute's intent and effect is preserved since it is unnecessary to permit broadcasting a settlement to the newspapers and the media, yet it will is [sic] still be a publicly filed document.

(Id. at 1-2.) The Court disagrees. At least one court has noted that every employer worries that "compromise with an employee who has vindicated a valuable FLSA right will inform and encourage other employees, who will vindicate their FLSA rights (or who will wrongly, but expensively for the employer, conclude that additional wages are due)." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010). However, "[a]lthough perhaps both uncomfortable and expensive to an employer, vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA." Id. Thus, "[b]y including a confidentiality provision, the employer thwarts the informational objective of the [FLSA] by silencing the employee who has vindicated a disputed FLSA right." Id. at 1242; see Bouzzi v. F & J Pine Rest., L.L.C., 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012) (stating

3

that "confidentiality contravenes the legislative intent of the FLSA"); Mosquera, 2011 WL 282327, at *1 (noting that "several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions" (collecting cases)). Thus, the Court finds that the inclusion of a confidentiality provision in a settlement agreement filed on the public docket does contravene the legislative purpose of the FLSA, and the Court will not approve the Agreement so long as it contains such a provision.

Third and finally, the Court is unable to determine whether the settlement amount provided for in the Agreement is fair and reasonable because the parties have failed to "provide the [C]ourt with enough information to examine the bona fides of the dispute." Wolinsky, 2012 WL 2700381, at *1 (internal quotation marks and citation omitted).

Thus, should the parties choose to submit a revised Agreement for judicial approval, they must, at a minimum:

(1) include the correct case number;

(2) delete the confidentiality provision; and

(3) provide the Court with additional information in the form of affidavits or other documentary evidence explaining why the proposed settlement figure is fair and reasonable, see id. at *2 (noting that the court must consider "the plaintiff's

4

range of possible recovery" and "the seriousness of the litigation risks faced by the parties").

## CONCLUSION

For the foregoing reasons, the parties' joint request for approval of the Agreement is DENIED with leave to renew as outlined above. If the parties do not submit a renewed application within thirty (30) days of the date of this Order, this action will be referred to Judge Tomlinson for discovery.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May __1__, 2013
         Central Islip, NY

5