# Morici & Morici, LLP

## Attorneys at Law

1399 Franklin Avenue, Suite 202, Garden City, New York 11530

(516) 873-1902   Fax: (516) 873-3948

www.moricilaw.com

MICHAEL D. MORICI
ROBERT MORICI**
MICHAEL D. MORICI, JR.

JILL McCLURE ALLEGRETTI, Senior Counsel
LAURA DILIMETIN, Counsel

  * Admitted to practice in NY & NJ
 ** Admitted to practice in NY, NJ & PA

MIA LAINE MARTINEZ
CHRISTINE KNOESEL
JACKLYN ZITELLI
ERIC LIPENHOLTZ
KARISSA SCHWARTZ*

Of Counsel:
WILLIAM BAIER
ANDREW L. MONTELEONE*

June 26, 2013

The Honorable Judge Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:  Mendez v. Louie's Seafood Restaurant, LLC, et al.
     12-cv-3202(JFB)(ATK)

Dear Judge Seybert,

     Please be advised that this office represents defendants in the above referenced case.  I write this letter to draw to the Court's attention an apparent filing error, that occurred when The parties intended to ECF the settlement agreement with the confidentiality clause deleted, along with an affidavit from Martin Picone outlining the basis of the fairness of this agreement.

     The parties intended to file the annexed settlement agreement however, when my office ECF'd it, there must have been a filing error causing it not to be received.  Please excuse the administrative error and consider the parties' intent herein by accepting the settlement agreement as if it had been filed on May 31, 2013.  Thank you,

               Respectfully submitted,
               MORICI & MORICI, LLP

               Laura M. Dilimetin

CC: Michael Thompkins, Esq.

600 Third Avenue, 15th Floor
New York, New York 10016
(212) 687-6050

1399 Franklin Avenue, Suite 202
Garden City, New York 11530
(516) 873-1902

262 Smith Street
Brooklyn, New York 11231
(718) 946-0111

## Other Documents

2:12-cv-03202-JS-AKT Mendez v. Louie's Seafood Restaurant, LLC et al

**U.S. District Court**

**Eastern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Morici, Robert on 5/31/2013 at 5:03 PM EDT and filed on 5/31/2013

**Case Name:** Mendez v. Louie's Seafood Restaurant, LLC et al
**Case Number:** 2:12-cv-03202-JS-AKT
**Filer:** Louie's Seafood Restaurant, LLC
**Document Number:** 25

**Docket Text:**
**SETTLEMENT AGREEMENT by Louie's Seafood Restaurant, LLC (Morici, Robert)**

**2:12-cv-03202-JS-AKT Notice has been electronically mailed to:**

Daniel Harris Markowitz    dmarkowitz@lmblaw.com

Jeffrey Kevin Brown    jbrown@leedsbrownlaw.com

Jessica Lorraine Parada    jparada@lmblaw.com

Laura M. Dilimetin    lawyers@nyc-lawyers.com

Michael Alexander Tompkins    mtompkins@leedsbrownlaw.com

**2:12-cv-03202-JS-AKT Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=5/31/2013] [FileNumber=7839507-0]
[de21b3423929b828836dbb6950dbaa4e6f46ee371a769210b9974d8201944306fb5c0
7fb2fd1c0b38747953644f04a6af0624491a222a0bce8b5379cc549f824]]

# Morici & Morici, LLP

## Attorneys at Law

1399 Franklin Avenue, Suite 202, Garden City, New York 11530

(516) 873-1902  Fax: (516) 873-3948

www.moricilaw.com

MICHAEL D. MORICI
ROBERT MORICI**
MICHAEL D. MORICI, JR.
* Admitted to practice in NY & NJ
** Admitted to practice in NY, NJ & PA

CHRISTINE KNOESEL
MIA LAINE MARTINEZ
DAVID SMETANA
JACKLYN SERPICO
JENNIFER LOYD
ERIC LIPENHOLTZ
Counsel:
WILLIAM BAIER
ANDREW L. MONTELEONE

May 31, 2013

The Honorable Judge Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:  Mendez v. Louie's Seafood Restaurant, LLC, et al.
     12-cv-3202(JFB)(ATK)

Dear Judge Seybert,

    Please be advised that this office represents defendants in the above referenced case.  I write this letter pursuant to Your May 1, 2013 Order.  The parties agree to delete confidentiality clause from the settlement agreement, previously submitted herein.  Enclosed is an affidavit to support the fairness of the settlement.  Additionally, it is apparent that further potential claims were solicited, but those individuals can be dealt with separately from the instant settled case.

                              Respectfully submitted,
                              LAWRENCE AND WALSH, P.C.


                              Laura M. Dilimetin

600 Third Avenue, 15th Floor
New York, New York 10016
(212) 687-6050

1399 Franklin Avenue, Suite 202
Garden City, New York 11530
(516) 873-1902

262  Smith Street
Brooklyn, New York 11231
(718) 946-0111

RECEIVED
IN CHAMBERS OF
HON. JOANNA SEYBERT     CONFIDENTIAL

★ FEB 07 2013 ★

## CONFIDENTIAL SETTLEMENT AGREEMENT & GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Louie's Seafood Restaurant, LLC and/or any other entities affiliated with, controlling, or controlled by LOUIE'S SEAFOOD RESTAURANT, LLC, and/or MARTIN PICONE and MICHAEL GUINNANE, (collectively "the Company"), on the one hand, and Oscar Mendez ("Claimant"), on the other hand.

WHEREAS, the Claimant was a former employee of the Company;

WHEREAS, Claimant's counsel communicated with the Company and the Company's counsel by letter, telephone and e-mail, alleging claims for unpaid wages and overtime, as well as other violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law, and stating the Claimant's intention to sue;

12 cv 3202   WHEREAS, there exists pending litigation in the Eastern District of New York, Case No. 12-CV-3203, and there remains an uncertainty of outcomes related to such;

WHEREAS, the Company denies all allegations of wrongdoing made by Claimant and Claimant's counsel;

WHEREAS, the Company and the Claimant (collectively referred to as the "Parties") desire to resolve and settle the matter, as well as any and all issues relating to Claimant's employment and/or separation from employment with the Company, in an amicable manner without the expense and aggravation of litigation;

NOW, THEREFORE, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.   **Consideration:**

As full settlement and final satisfaction of any and all claims that Claimant individually had, have or may have against the Company, including, but not limited to, the claims raised in the complaint, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the general release set forth in Paragraph 2 below, the Company shall pay the Claimant the sum total of SEVENTEEN THOUSAND, FIVE HUNDRED DOLLARS AND NO CENTS ($17,500.00), to be allocated as follows:

(a)   The Company shall pay OSCAR MENDEZ the sum total of SEVENTEEN THOUSAND, FIVE HUNDRED DOLLARS AND NO CENTS ($17,500.00), by making payment by two checks delivered to Claimant's counsel, Jeffrey Brown, Esq. at Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514.

(i)   one check made payable to "OSCAR MENDEZ" in the gross amount of ELEVEN THOUSAND SIX HUNDRED AND SIXTY-SIX DOLLARS AND SIXTY SEVEN CENTS ($11,666.67), for which the Company will issue OSCAR MENDEZ a form

CONFIDENTIAL

1099, representing full payment of back pay, wages or salary or compensation of any kind, including liquidated damages under the FLSA and NYLL;

(ii) one check made payable to "LEEDS BROWN LAW, P.C." in the total amount of FIVE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS ($5,833.33), for which the Company will issue Claimant's counsel a form 1099-MISC, representing payment for OSCAR MENDEZ'S attorneys' fees.

The Company will make the payments described in Paragraphs 1(a) by sending the checks to Plaintiff's counsel upon execution of this Agreement. Within ten (10) business days of execution and payment, Plaintiffs shall file the agreed-upon dismissal with prejudice of Claimant's individual claims in the Action, as set forth in Paragraph "3" below.

Claimant agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses. Claimant further acknowledges that there are no additional wages or payments due to them from the Company or the Releasees.

2.   **General Release of All Claims:**

(a)    Claimant, individually and on behalf of themselves and their spouse(s), heir(s), executor(s), testator(s), representative(s), agent(s), successor(s) and assign(s), each freely and irrevocably relinquish, release, and waive all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against the Company, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, or its or their current or former employees, agents, shareholders, officers, directors, and sole proprietors (the "RELEASEES") that may have arisen from the beginning of time to the date of their respective signatures on this Agreement. This includes, but is not limited to, any claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, the Age Discrimination in Employment Act of 1967, the Civil Rights Acts of 1866, 1871, and/or 1991, the Rehabilitation Act of 1973, the Employee Retirement and Income Security Act, the Fair Labor Standards Act, the National Labor Relations Act, the Family and Medical Leave Act, Executive Order 11246, the New York Labor Law, the New York State and New York City Human Rights Laws, the New York Whistleblower Statute, the New York State Constitution, and all other federal, state, and local laws, ordinances, rules, regulations or orders, all as may have been amended from time to time. This release and waiver of claims also includes any claim for attorneys' fees, expenses and costs; wrongful, constructive or abusive discharge; breach of contract; infliction of emotional distress; assault; battery; libel; slander; defamation; false imprisonment; negligent hiring, supervision and/or retention; interference with contract; or any other tort, common law or contract claim. This waiver and release includes all claims now known to Claimant, as well as all possible claims that are not now known to Claimant.

(b)    The Company individually and on behalf of itself and its representative(s), agent(s), successor(s) and assign(s), freely and irrevocably relinquishes, releases, and waives all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against Claimant that may have arisen from the beginning of time to the date of its signature on this Agreement. This release and waiver of claims also includes any claim for attorneys' fees, expenses and costs; wrongful, constructive or abusive discharge; breach of

CONFIDENTIAL

contract; infliction of emotional distress; assault; battery; libel; slander; defamation; false imprisonment;; interference with contract; or any other tort, common law or contract claim. This waiver and release includes all claims now known to Company, as well as all possible claims that are not now known to Company.

3.    **Approval of Settlement:**

The parties intend for the Claimant to waive any and all claims he may have against the Company, including claims under the Fair Labor Standards Act. Claimant filed a lawsuit against the Company, pending under Case No. 12-cv-3203 in the Eastern District of New York. Accordingly, the parties agree to the following to resolve the matter:

(a)    The parties agree to immediately execute a "Joint Motion For Approval of Settlement and Dismissal of Claims with Prejudice," which the Claimant will file with the District Court (a copy of this Agreement shall be submitted under seal); and

(b)    In the event this Agreement is not approved by the District Court and/or the case is not dismissed with prejudice by the District Court, this Agreement shall be null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

4.    **Future Application/Employment:**

Claimant agrees and recognizes that his employment relationship with the Company (and any affiliated or related companies) has been permanently and irrevocably severed, and Claimant forever waive any and all claims or right to reinstatement or future employment. Claimant agrees that he shall not at any time seek future employment with the Company (or any affiliated or related company). A breach of this Paragraph by any of the Claimant shall constitute lawful and just cause for a refusal to employ that person.

5.    ~~Confidentiality:~~

(a)    Claimant agrees that neither he nor any person acting by, through, under, or in concert with him, including his attorneys at Leeds Brown Law, P.C., will at any time disclose, either directly or indirectly, in any manner whatsoever, any information regarding either the substance or existence of his complaints, charges, claims, and actions against the Company, the terms, conditions or existence of this Agreement, or any fact concerning its negotiation, execution, or implementation, to any person or entity, including the press and media, any current or former employees of the Company (or any affiliated or related company), anyone who has worked at the Company (or any affiliated or related company), actual or prospective employers, and other members of the public in any other capacity. Notwithstanding the above, Claimant may reveal information concerning this Agreement to: (a) his attorney within the scope of representation by such attorney; (b) accountants and/or tax advisors in order to obtain professional advice within the scope of representation by such accountant and/or tax advisor; and (c) any person to whom he is required by process of law to reveal such information. All such ~~individuals are also bound by this confidentiality/non-disclosure pledge.~~

~~(b)    The Company shall not directly or indirectly, in any manner whatsoever, disclose any information regarding either the substance or existence of any of the Complaints'~~

CONFIDENTIAL

complaints, charges, claims, and actions; the terms, conditions or existence of this Agreement; or any fact concerning its negotiation, execution, or implementation, to any person or entity, including the press and media, any current or former employees of the Company (or any affiliated or related company), anyone who has worked at the Company (or any affiliated or related company), actual or prospective employers, and other members of the public in any other capacity. Notwithstanding the above, the Company may reveal information concerning this Agreement to: (a) his or her attorney within the scope of representation by such attorney; (b) accountants and/or tax advisors in order to obtain professional advice within the scope of representation by such accountant and/or tax advisor; (c) any person required within the corporate structure of the Company to implement or carry out any provisions of this entire agreement, (d) any person to whom he is required by process of law to reveal such information, and (e) in defense of any subsequent lawsuit, administrative claim or any other proceeding or to enforce the terms of this Agreement. All such individuals are also bound by this confidentiality/non-disclosure pledge.

(c)    The Parties acknowledge and agree that this confidentiality/non-disclosure provision is an express and absolute condition of this Agreement, is bargained-for consideration for this Agreement and is not a mere recital, and that any violation of the terms and conditions of this confidentiality/non-disclosure provision shall constitute a material breach of this Agreement. If this confidentiality/non-disclosure provision is found violated by a court of competent jurisdiction, each Claimant who violates this Agreement shall be liable to the Company for liquidated damages in the amount of Three Thousand Dollars ($3,000.00), and for all court costs and reasonable attorneys' fees the Company expends to collect such liquidated damages. Any recovery of monies under this Paragraph shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

(d)    If Claimant is ever asked about this matter, this Agreement or the settlement of his claims in this matter, he will say only that the matter was resolved amicably and that he is not allowed to comment further on the matter. Claimant shall not make any disparaging public statements regarding the Company or the principal.

(e)    If the Company, or its agents or principal, are asked about the employment of Claimant, he or she will say only that the Claimant worked for the Company, the dates of employment, position held and final salary.

6.    **No Solicitation or Current Representation:**

Claimant's attorneys in this matter, Leeds Brown Law, P.C., represent and warrant that neither the firm nor any attorneys affiliated with the firm (individually, together, or in conjunction with other attorneys) represent any other employee or former employee of the Company in connection with an employment-related issue against the Company or Releasees.

CONFIDENTIAL

7.   **No Other Complaints or Charges:**

Claimant hereby represents that he has no pending actions (other than the case currently pending in the Eastern District of New York), administrative charges or complaints, grievances or arbitrations against the Company.

8.   **Nonadmission of Wrongdoing:**

The Releasees do not admit, and specifically deny, any liability, wrongdoing or violation of any law, statute, regulation, agreement or policy. It is expressly agreed to as the purposes of compromise and settlement of the disputed and contested claims, and nothing in the agreement is to be construed as an admission of any fact in the complaint or any liability.

9.   **Modification of the Agreement:**

This Agreement may not be supplemented, modified or amended unless the changes are made in writing and signed by all of the Parties or their designees.

10.   **Severability:**

The Parties agree that in the event any provision of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

11.   **Governing Law:**

This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York.

12.   **Assignment of Claims:**

Claimant hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

13.   **Voluntary Agreement:**

Claimant understands and agrees that:

(a)   He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement;

(b)   He has carefully read and fully understands all of the provisions of this Agreement;

(c)   No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce him to enter into this Agreement;

CONFIDENTIAL

(d)    He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable time in which to consider the terms of this Agreement before executing it.

14.    **Entire Agreement:**

This Agreement constitutes the entire agreement of the Parties, and supersedes all previous understandings and agreements between the Parties, whether oral or written. The Parties hereby acknowledge and represent, that the Parties have not relied on any representation, assertion, guarantee, warranty, collateral contract or other assurance, except those set out in this Agreement, made by or on behalf of any other party or any other person or entity whatsoever, prior to the execution of this Agreement.

15.    **Subsequent Proceedings**

This Agreement shall not be introduced in any proceeding, except for the presently pending case in the Eastern District of New York, and is not to be utilized in subsequent proceedings unless (1) authorized by law, or (2) to establish the settlement herein.

16.    **Fair Meaning:**

The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

17.    **Counterparts:**

This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

18.    **Headings:**

The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

19.    **Facsimile or Email:**

A facsimile or email copy of this Agreement will have the same force and effect as the original.

CONFIDENTIAL

## NOTICE

THIS AGREEMENT CONTAINS A WAIVER OF ALL KNOWN AND UNKNOWN CLAIMS BY THE CLAIMANT.   READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY.   YOU SHOULD CONSULT WITH AN ATTORNEY BEFORE SIGNING.

AGREED:

LOUIE'S SEAFOOD RESTAURANT LLC

By: _____

Dated: _12-21-12_

OSCAR MENDEZ

_Oscar Mendez_

Dated: _12-20-12_

LEEDS BROWN LAW, P.C.
(with regard to Paragraphs 5 and 6 only)

_Michael Tompkins_

By: _____

Dated: _12/20/12_

Page 7 of 9