UNITED STATES DISTRICT COURT　　　　　　　　CIVIL CONFERENCE
EASTERN DISTRICT OF NEW YORK　　　　　　　　MINUTE ORDER

BEFORE:　　A. KATHLEEN TOMLINSON　　　　DATE:　8-14-2013
　　　　　　U.S. MAGISTRATE JUDGE　　　　　　TIME:　11:19 a.m. (21 minutes)

*Mendez v. Louie's Seafood Restaurant, LLC, et al.*,
**CV 12-3202 (AKT)**

TYPE OF CONFERENCE:　　　　**STATUS CONFERENCE**

APPEARANCES:　　Plaintiff　　Michael A. Tompkins

　　　　　　　　　Defendant　　Laura M. Dilimetin

FTR:　　11:19-11:40

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties recently filed a Consent to the jurisdiction of a Magistrate Judge for all purposes. I held a status conference with counsel today to review some outstanding issues regarding the proposed Settlement Agreement, some of which were originally addressed by Judge Seybert.

   I spent some time reviewing with counsel a spreadsheet of plaintiff's calculations of the wages he believed were due and owing at the time this action was commenced. In addition, defendants' counsel addressed the records which the defendants had maintained refuting the majority of the hours plaintiff had claimed as unpaid overtime. I also made some further inquiries with regard to the other factors which went into this settlement, including the fact that the named plaintiff was planning to leave the United States and wanted to resolve this matter before doing so.

   After hearing from counsel, and after having reviewed the Settlement Agreement itself (with the changes ordered by Judge Seybert) - - in addition to having my questions answered during today's conference  - - I conclude that the settlement is fair and reasonable and has been negotiated in good faith and at arm's-length and is consistent with the remedial goals of the FLSA.

2. However, the Court is not yet in a position to approve a final settlement. Specifically, I raised another issue with counsel for both sides. Since the original Agreement was executed by the named plaintiff last December, the docket reflects that at least three individuals had signed opt-in consent forms to become parties in this class-action. Those consent forms were posted to ECF on May 7, 2013 (DE 22) and May 24, 2013 (DE 23, 24). No settlement can be approved in this case while these three ( and any others which may be known to plaintiff's counsel) opt-ins remain. I informed the parties that the Court would not approve any settlement which prejudiced the rights of these individuals. Plaintiff's counsel stated that he has been meeting with the opt-ins and expects them to withdraw their claims in this action and bring a separate action against the defendants. Counsel recounted that earlier in the case, the parties entered into several Stipulations tolling the statute of limitations, so that he asserts there is no prejudice to

these opt-ins. Defendants' counsel did not dispute this fact and a review of the docket confirms the previous stipulations. However, defendants' counsel expected all of these issues to be resolved by today and that the Court would approve the settlement and close this matter. Defendants' counsel was not aware that plaintiff's counsel had not completed his meetings with the opt-ins.

I am giving the parties ten days to resolve the opt-ins issue and plaintiff's counsel is to report back to the Court on the status of these parties no later than August 26, 2013.

The Court is withholding further action on the Settlement Agreement until this matter is resolved.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge